IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re *Ex Parte* Application of | ) |
| | ) |
| REGENERON PHARMACEUTICALS, INC., | ) ) ) |
| | ) C.A. No. 25-17 (MN) |
| Applicant, | ) ) |
| for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in Foreign Proceedings | ) ) ) ) |

## MEMORANDUM ORDER

At Wilmington, this 13th day of August 2025:

WHEREAS, on January 6, 2025, Regeneron Pharmaceuticals, Inc. ("Regeneron"), filed an *ex parte* application for an Order Pursuant to 28 U.S.C. § 1782 to take discovery for use in an anticipated patent litigation action in Singapore (D.I. 1);

WHEREAS, on January 8, 2025, Amgen, Inc. ("Amgen"), filed a letter noting its intent to oppose that application, which the Court later permitted (D.I. 9, 14);

WHEREAS, on February 24, 2025, Regeneron filed a reply in support of its application, completing any relevant briefing for the Court to consider the merits of the application (D.I. 27); and

WHEREAS, the Court has considered the arguments set forth by the parties.

THEREFORE, for the reasons set forth below, IT IS HEREBY ORDERED that Regeneron's application under 28 U.S.C. § 1782 is **GRANTED** and Regeneron may serve the subpoenas attached as Exhibits A and B to the Memorandum in Support of the Application (D.I. 3-A, 3-B) upon Amgen.

1.  A federal district court may order a person "resid[ing]" or "found" in the district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person." 28 U.S.C. § 1782(a); *Pinchuk v. Chemstar Prods. LLC*, No. 13-306 (RGA), 2014 WL 2990416, at *1 (D. Del. June 26, 2014). Upon application, the district court first decides "whether certain statutory requirements are met, and if so, the court may then consider other discretionary factors to determine whether to grant the application." *In re Biomet Orthopaedics Switzerland GmBh*, 742 Fed. App'x 690, 694-95 (3d Cir. 2018) (citing *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F. 3d 79, 83-84 (2d Cir. 2004)).

2.  Once the statutory requirements are met, the Court makes a "discretionary determination," considering: (1) whether the "discovery sought is 'unobtainable' in the foreign forum because it is outside the foreign tribunal's jurisdictional reach[;]"; (2) the nature of the foreign tribunal and the character of the proceedings, and whether the foreign tribunal is receptive to U.S. federal court assistance; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the discovery sought is unduly intrusive or burdensome. *In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016); *SPS Corp I, Fundo de Investimento em Direitos Creditórios Não Padronizados v. Gen. Motors Co.*, 110 F. 4th 586, 592 (3d Cir. 2024); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

3.  When a movant avers only that foreign proceedings are anticipated or expected, the movant must establish that its discovery request is properly "for use" in a foreign proceeding; in such cases, the foreign proceeding need not be pending, so long as it is "within reasonable contemplation." *Intel*, 542 U.S. at 259. The Third Circuit has held allegations which "portend[] future litigation" as sufficient to establish reasonable contemplation under § 1782. *SPS Corp I*,

110 F. 4th at 591.  Here, Regeneron's application contains allegations that they have engaged local counsel to file the Singapore patent action; further, Regeneron has provided letters from Singapore counsel to Amgen requesting pre-action discovery.  (D.I. 3 at 12; D.I. 34).  Together, the Court is satisfied that those statements "portend future litigation" enough to reach 28 U.S.C. § 1782's for use requirement.  *SPS Corp I*, 110 F. 4th at 591.

4. Beyond a statutory challenge, Amgen contests the application under three of the *Intel* factors: that the discovery lies within the jurisdictional reach of Singaporean courts, that the application seeks to circumvent Singaporean evidence-gathering restrictions, and the requested discovery is both intrusive and unduly burdensome.  (D.I. 14 at 11-19).  The parties do not dispute the second factor, that Singaporean courts would be generally receptive to U.S. federal court assistance.  *In re Biomet Orthopaedics Switzerland GmBh*, 742 Fed. App'x 690, 699 (3d Cir. 2018) (a § 1782 applicant need only show that a foreign court is "generally receptive to judicial assistance"); *In re Third Eye Cap. Corp.*, No. CV 22-963 (MAH), 2022 WL 714758, at *3 (D.N.J. Mar. 10, 2022) (granting leave to take discovery for use in a Singaporean proceeding).

5. As to the first factor, the Court notes that the parties have, in essence, submitted dueling Singaporean legal expert reports.  (D.I. 19; D.I. 29).  At this juncture, the Court cannot discern from the briefs and the affidavits submitted whether the specific pre-action discovery sought lies within the reach of the Singapore Court.  Accordingly, this factor does not lean towards either party.

6. As to the third *Intel* factor, it is unclear to the Court from the face of the legal expert affidavits submitted that the application seeks to circumvent discovery procedures in Singapore. Beyond that, Amgen argues Regeneron's failure to seek *any* discovery in Singapore first is proof of its attempt to circumvent that court system.  (D.I. 14 at 13).  The proper analysis, however, does

3

not ask the applicant to seek discovery in the foreign forum first, nor does the limit on *proof-gathering restrictions* invoke the foreign forum's broader discovery practices.  *In re O'Keeffe*, 646 F. App'x at 268 ("We have never held that an applicant must seek discovery relief in the foreign forum first"); *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.,*, 27 F. 4th 136, 153 (2d Cir. 2022) ("proof-gathering restrictions are best understood as rules akin to privileges that *prohibit* the acquisition of certain materials") (emphasis in original).  Here, there is no extraneous basis to suggest that Regeneron's application was made to circumvent Singaporean restrictions on the acquisition of the relevant biosimilar discovery.  Thus, this factor leans towards granting discovery.

7.  Finally, the Court accepts Amgen's reasonable concern under the fourth *Intel* factor that the discovery may be unduly burdensome or intrusive.  On this, the Court is better positioned to meaningfully narrow the parties' dispute once the subpoenas have been served, and the parties can present arguments as to the information being sought and the actual burden imposed.  *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 85-86 (3d Cir. 2016).

IT IS FURTHER ORDERED that nothing in this Order shall be construed to preclude Amgen from later moving to quash or modify the subpoena, as well as petition the Court for a protective order, and they may do so no later than September 3, 2025.

_____
The Honorable Maryellen Noreika
United States District Judge

4